```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**JASON A. FULTON,**

                    **Petitioner,**

        **v.**                                  **CASE NO. 05-3486-SAC**

**DAVID R. MCKUNE, et al.,**

                    **Respondents.**


**O R D E R**

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss the petition as untimely filed.

A one year limitation period applies to habeas petitions filed in federal court by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). Relevant to the instant petition, this statutory limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" encompasses review of a state conviction by the United States Supreme Court. <u>Clay v. United States</u>, 537 U.S. 522, 528 n.3 (2003). *See also* <u>Rhine v. Boone</u>, 182 F.3d 1152, 1155-56 (10th Cir. 1999)(§ 2244(d)(1) limitation period does not begin to run until Supreme Court denies review, or the 90 day period for seeking such review has expired), *cert. denied*, 120 S.Ct. 808 (2000). The running of this statutory limitation period is tolled while a properly filed post-conviction proceeding and appeal therefrom are pending in the state courts. 28 U.S.C. §

2244(d)(2).

In the present case, respondents point to the Kansas Supreme Court's denial of relief on July 21, 2000, in petitioner's direct appeal,[1] and state petitioner's conviction became final for the purpose of beginning the § 2244(d)(1) limitation period on October 19, 2000, when the time for seeking a writ of certiorari in the United States Supreme Court expired.  281 days later on July 27, 2001, petitioner tolled the running of the limitation period by filing a motion for post-conviction relief under K.S.A. 60-1507, and then an appeal in the Kansas Court of Appeals.  The remainder of the limitation period resumed running on September 22, 2005, when the Kansas Supreme Court denied further review of the denial of relief in that appeal.  Respondents contend the limitation period expired 84 days later on December 15, 2005.  Giving petitioner the benefit of the "mailbox rule,"[2] petitioner did not file his § 2254 application in this court until December 23, 2005.

Petitioner maintains his petition is timely filed.  He contends the 90 day period for seeking a writ of certiorari in the United States Supreme Court began August 15, 2000, twenty five days after the Kansas Supreme Court's decision on July 21, 2000.  Petitioner thereby claims his state court conviction became final for purposes of running the § 2244(d)(1) limitation period on November 13, 2000, rather than October 19, 2000, the date advanced by respondents.  The court finds no merit to petitioner's contention.

---

[1]State v. Fulton, 268 Kan. 835 (2000).

[2]See Houston v. Lack, 487 U.S. 266, 270 (1988)(pro se prisoner's notice of appeal deemed filed when delivered to prison authorities for forwarding to district court).

Petitioner relies on language in <u>United States v. Willis</u>, 202 F.3d 1279 (10th Cir. 2000), wherein the circuit court states that "[i]n cases on review from a state court, the mandate issues twenty five days after entry of judgment." <u>Id</u>. at 1281.  However, this language reflects the court's discussion of Supreme Court Rule 45 concerning the issuance of a Supreme Court mandate, and not the mandate of a state supreme court.[3]  Also, Supreme Court Rule 13(3)[4] makes it plain that the time for filing a petition for certiorari does not begin to run from the issuance date of the state court's mandate.

Accordingly, the court finds petitioner did not file his petition within the one year period provided under § 2244(d)(1).  Petitioner has not alleged extraordinary circumstances for equitable tolling of this statutory limitation period, and the court finds none are evident on the face of the record.  The court thus concludes the petition should be dismissed as time barred.

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition (Doc. 5) is granted.

---

[3]Supreme Court Rule 45(2) reads in part:
"In a case on review from a state court, the [United States Supreme Court's] mandate issues 25 days after entry of the judgment, unless the [United States Supreme] Court or a Justice shortens or extends the time, or unless the parties stipulate that it issue sooner."
In the present case, petitioner never sought Supreme Court review of his state conviction, thus Rule 45 has no application because no judgment by that court was ever entered.

[4]Supreme Court Rule 13(3) reads:
"The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate..."

**IT IS SO ORDERED.**

DATED:  This 23rd day of March 2006 at Topeka, Kansas.


　　　　　　　　　　　　　　　　 s/ Sam A. Crow
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge