IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JASON A. FULTON,

                            Petitioner,

        v.                                      CASE NO. 05-3486-SAC

DAVID R. MCKUNE, et al.,

                            Respondents.


                            **O R D E R**

        Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254.  By an order dated March 23, 2006, the court dismissed the petition as untimely filed.  Before the court is petitioner's timely filed[1] motion to alter or amend that judgment.

        The Kansas Supreme Court affirmed petitioner's conviction on July 21, 2000, in petitioner's direct appeal.  Petitioner's state court conviction became final on October 19, 2000, upon expiration of the 90 day period for seeking a writ of certiorari from the United States Supreme Court.  In dismissing the petition as time barred, the court found no merit to petitioner's argument that

---

        [1]Petitioner's pleading is not dated, but the postmark on the mailing of petitioner's pleading from the prison reads April 6, 2006.  Construed within the mailbox rule applied to prisoner pleadings, Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005), the court liberally construes the pleading as filed within the ten day period provided for filing a motion to alter or amend judgment under Fed.R.Civ.P. 59(e).

United States Supreme Court Rule 45(2) extended the finality date of petitioner's conviction an additional 25 days.   Petitioner now contends his direct appeal was not final until the twenty day period for filing a motion for modification or rehearing in the Kansas Supreme Court pursuant to Kansas Supreme Court Rule 7.06 had expired, and argues the beginning of the 90 day period for seeking review by the United States Supreme Court was delayed twenty days and did not begin until August 10, 2000.

"Grounds warranting a motion [to alter and amend under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.   Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted).   Generally, "it is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id.   Nonetheless, the court has considered petitioner's arguments to ensure there is no manifest error of law or fact, and denies petitioner's motion.

Kansas Supreme Court Rule 7.06 provides a twenty day period for filing a motion for rehearing or modification of case decided by the Kansas Supreme Court.[2]  United States Supreme Court Rule 13 provides

---

[2]KS S.Ct. Rule 7.06 reads in relevant part:
RULE 7.06 REHEARING OR MODIFICATION IN SUPREME COURT
(a) A motion for rehearing or modification in a case decided by the Supreme Court may be served and filed

a 90 day period from entry of a state court judgment to seek a writ of certiorari for discretionary review by the United States Supreme Court of that state court judgment.[3]  If no timely motion for rehearing is filed, the twenty day period in Kansas Supreme Court Rule 7.06 is subsumed during that 90 day period.[4]  The Kansas rule does not delay the start of the 90 day period under Supreme Court Rule 13 for twenty days as petitioner advocates.

Although petitioner also contends error in the court's counting of the days of tolling and the running of the limitations period, the court finds no merit to this contention.  *See generally*, Fed.R.Civ.P. 6(a)(computation of time periods allowed by federal rules and statutes).

---

within twenty (20) days of the date of the decision. A copy of the Court's opinion shall be attached to the motion. The issuance of the mandate shall be stayed pending the determination of the issues raised by such a motion. If a rehearing is granted, such order suspends the effect of the original decision until the matter is decided on rehearing.

[3]See 28 U.S.C. § 2101 and Rule 13 of the Rules of the Supreme Court of United States.

[4]*See* S.Ct. Rule 13.3 which reads:
The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or if rehearing is granted, the subsequent entry of judgment.

The court thus concludes petitioner has made no showing warranting any alteration or amendment of the judgment entered in this matter on March 23, 2006.

IT IS THEREFORE ORDERED that petitioner's motion to alter and amend judgment (Doc. 8) is denied.

**IT IS SO ORDERED.**

DATED:  This 24th day of January 2007 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4